O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-0673 DOC (RNBx)                                     Date: December 8, 2008

Title: SYLVAN ROYCE MCMULLAN AND DOROTHY MCMULLAN v. PERMATEX, INC. el. al.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                            Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                    Not Present
  Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                         NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION TO DISMISS

    Before the Court is a "Motion to Dismiss the Second Amended Complaint for Failure to State a Claim for Relief of Defendant Mohawk Industries, Inc." ("Motion" or "Mot."). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES the Motion.

## I.     BACKGROUND

### A.    Procedural History

    Plaintiffs Sylvan Royce McMullan ("Sylvan") and Dorothy McMullan ("Plaintiffs") filed this action on April 29, 2008 in the Superior Court of California ("Superior Court") against Defendants Permatex, Inc., Mannington Mills, Inc., Color Caulk, Inc., Franklin International, Foamex International,

Congoleum Corp., 3M Corp., Chicago Adhesive Products, Bostick, Inc., Mantek, A Division of NCH Corp ("Mantek"), Mohawk Indus. ("Mohawk"), and Does 1 through 120, inclusive ("Defendants"). Defendants removed the action to this Court on June 16, 2008. On July 31, 2008, Defendant Mantek was dismissed from the action.

Plaintiffs filed a First Amended Complaint on August 12, 2008 and a Second Amended Complaint ("SAC") on October 17, 2008.  The SAC alleged: (1) negligence; (2) strict liability; (3) fraudulent concealment of industrial injury; and (4) loss of consortium.  Defendant Mohawk moved to dismiss the third claim on November 11, 2008.  Defendant Foamex International, Inc. joined the Motion on November 18, 2008.  Plaintiffs filed an Opposition ("Opp'n") on November 17, 2008. Defendant Mohawk filed a timely Reply on November 24, 2008.

### B. Plaintiff's Allegations

Sylvan was employed as a truck driver for Mohawk and its predecessors from about 1975 through 2006.  [SAC ¶ 15.]   During his 31 years of employment with Mohawk and its predecessors, Sylvan transported, delivered, hauled and handled carpeting, carpet padding, and carpet installation products which exposed him to "hazardous levels of toxins[.]"  [*Id*. ¶ 16.]  Because of his exposure to such toxins, Sylvan suffered injuries including, but not limited to, Multiple Myeloma.  [*Id*. ¶ 19.]

The products which exposed Sylvan to hazardous toxins and caused his injuries were manufactured, distributed and marketed by Defendants.  [*Id*. ¶¶ 6-14.]  Due to his injuries from exposure to Defendants' products, Sylvan has been unable to work as a truck driver and does not know when he will be able to return to work as a truck driver in the future.  [*Id*. ¶ 21.]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699.  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the

complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

Mohawk contends that a civil action by an employee against an employer for injuries sustained during the course and scope of employment is barred by the California Worker's Compensation Act ("CWCA") and recovery for such injuries must be pursued through the workers compensation system. [Mot at 5.] Mohawk contends that Sylvan's third claim for fraudulent concealment of industrial injury stem solely from his employment with Mohawk and its predecessors; thus, it is barred unless Plaintiffs satisfy the requirements to "an exception to the workers' compensation exclusivity rule set forth in California Labor Code section 3602(b)(2)." [*Id.*]

Plaintiffs do not dispute that in general, a civil action by an employee against an employer for injuries sustained during the course and scope of employment is barred by the CWCA. [Opp'n at 4.] Plaintiffs argue however, that they have pled facts to establish the fraudulent concealment exception to the CWCA. [*Id.* at 5.] An employee seeking to state a cause of action against an employer under California Labor Code section 3602(b)(2) must "in general terms" plead facts that if found true by the trier of fact, establish the existence of three essential elements: (1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment. *Palestini v. General Dynamics Corp.*, 99 Cal.App.4th 80, 89-90 (2002).

For the purposes of a Rule 12(b)(6) motion Plaintiffs allegations in the SAC need only be enough "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Plaintiffs satisfy the first element under the Palestini pleading requirements by alleging that "[d]uring the course of his employment, Defendant MOHAWK INDUSTRIES learned that Plaintiff was suffering from exposure to the aforementioned toxic substances, but failed to inform Plaintiff that his illnesses were caused by exposure to the . . . toxic substances." [SAC ¶ 43.]

Plaintiffs satisfy the second element under the Palestini pleading requirements by alleging that Mohawk "after learning of such exposure . . . concealed this knowledge from Plaintiff, advised him throughout his employment that it was safe to work in proximity to such deleterious substances, and failed throughout his employment to provide protective devices[.]" [*Id.* ¶ 42.] The third element is satisfied by the allegations that Mohawk's concealment "caused Plaintiff to be further exposed resulting in further injury and damage." [*Id.* ¶ 49.]

Mohawk argues that it could not have been aware of Sylvan's injuries because he admits "(1) the

illness had no diagnosable symptoms until <u>after</u> he left the employ of Mohawk; and (2) he did not discover that he was ill until <u>after</u> he stopped working at Mohawk." [Mot. at 9.] This argument is not persuasive. The fact that Sylvan was not aware of his injuries does not preclude the possibility that his employer was aware of his injuries. In other words, an employer that knows that an employee would be injured by handling its products over a certain period of time would know that an injury is occurring, even if there are no diagnosable symptoms.

Accordingly, since Plaintiffs' SAC sets forth facts sufficient to state a claim under California Labor Code section 3602(b)(2), it is sufficient to survive a motion under Rule 12(b)(6).

## IV.   DISPOSITION

For the foregoing reasons, the Court DENIES Mohawk's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim for Relief of Defendant Mohawk Industries, Inc.

The Clerk shall serve this minute order on all parties to the action.