# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVAN ROYCE McMULLAN and DOROTHY McMULLAN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>PERMATEX, INC.; MANNINGTON MILLS, INC.; COLOR CAULK, INC.; FRANKLIN INTERNATIONAL; FOAMEX INTERNATIONAL; CONGOLEUM CORP.; 3M CORP.; CHICAGO ADHESIVE PRODUCTS; BOSTIK, INC.; MANTEK, A DIVISION OF NCH CORP; MOHAWK INDUS.; and DOES 1 through 120, Inclusive,<br><br>　　　　Defendants. | Case No. SACV08-673 DOC (RNBx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order (hereafter, "Order"):

## GOOD CAUSE STATEMENT

1. The subject matter of this action involves the production, manufacturing, marketing, and sale of certain products by the parties herein.

2. In connection with discovery in this action, the parties and third-party witnesses may produce confidential documents, things, materials, and testimony relating to the products manufactured, marketed or sold. Absent a protective order, production of the following categories of information (hereafter, "Confidential Information") would prejudice or harm the producing party:

    a. The process by which the specific products were developed and tested, and the formulation, components, and methods used to produce and manufacture the products. Absent a protective order, competitors could use this information to unfairly compete by copying or modifying the products. Much of this is proprietary or trade secret information, and disclosure could destroy trade secret protection or reduce the value of the information.

    b. The methods and activities used to market the products, the identity of licensees and customers, and the terms of licenses and sales. Absent a protective order, competitors could use this information to unfairly compete by copying or countering a party's marketing, licensing, pricing and sales activities. Much of this is also proprietary or trade secret information, and disclosure could destroy trade secret protection or reduce the value of the information.

3. The parties in this action are or could become competitors of each other in the market for the products. Therefore, absent a protective order preventing disclosure of certain information identified in Paragraph 2(a) and (b), above (hereafter, "Attorneys' Eyes Only Information"), to the parties themselves, the parties will suffer the same prejudice and harm described in Paragraph 2(a) and (b).

## STIPULATED PROTECTIVE ORDER

4. **Confidential Information:** Certain information to be produced during discovery in this litigation contain trade secrets and other confidential research, development, and commercial information. This information (regardless of how generated, stored or maintained) is confidential such that it qualifies for protection under standards developed under F.R.Civ.P. 26(c). This information is hereinafter referred to as "Confidential Information."

Information (regardless of how generated, stored or maintained) that is extremely sensitive "Confidential Information," the disclosure of which to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, is hereinafter referred to as "Confidential -- Attorneys' Eyes Only Information".

Except as otherwise indicated below, all documents that the producing party designates as "Confidential Information" or "Confidential -- Attorneys' Eyes Only Information" and that is produced by the producing party to plaintiffs, other defendants, or to their respective attorneys, consultants, agents or experts in this action shall be considered protected information and given confidential treatment as described below.

5. **Confidential Documents**: All written or electronic information or materials in any form or format and all other tangible items produced or information disclosed in this action, whether pursuant to discovery demands, voluntarily, or

otherwise, which the producing parties designate as "Confidential Documents" shall be disclosed only to:

    a.    The named plaintiffs and defendants in this action, subject to Paragraph 6 below;

    b.    Any counsel for plaintiffs and defendants in this action who has entered an appearance in this case; attorneys employed by or members of said counsel's firm; paralegals employed by said counsel's firm; and secretarial or clerical personnel employed by said counsel's firm when operating under said counsel's supervision and control;

    c.    Certified court reporters acting as such;

    d.    Independent experts and consultants retained by a party for the preparation or trial of this case provided, however, that any such consultant or expert signs an Acknowledgement, in the form attached hereto as Exhibit A; and

    e.    Judges and court personnel of the United States District Court, Central District of California; and, to the extent necessary to prosecute any appeals of this action, the Justices and court personnel of the Court of Appeal.

6.    **Confidential -- Attorneys' Eyes Only Documents**: All documents produced or information disclosed in this action, whether pursuant to discovery demands, voluntarily, or otherwise, which the producing parties designate as "Confidential -- Attorneys' Eyes Only Documents" shall be disclosed only to:

    a.    Any outside counsel for plaintiffs and defendants in this action who has entered an appearance in this case and national coordinating counsel; attorneys employed by or members of said counsel's firm; paralegals employed by said counsel's firm; and secretarial or clerical

personnel employed by said counsel's firm when operating under said counsel's supervision and control;

b. Any parties' respective in-house attorneys, if they have responsibility for the prosecution or defense of this action, provided that any such in-house attorney does not provide counsel to the Company's business related to any subject matter contained in the documents covered by this paragraph and further provided that the in-house attorney signs an Acknowledgement, in the form attached hereto as Exhibit A.

c. Certified court reporters acting as such;

d. Independent experts and consultants retained by a party for the preparation or trial of this case provided, however, that any such consultant or expert signs an Acknowledgement, in the form attached hereto as Exhibit A; and

e. Judges and court personnel of the United States District Court, Central District of California; and, to the extent necessary to prosecute any appeals of this action, the Justices and court personnel of the Court of Appeal.

7. Under no circumstances may any Confidential Document, any Confidential -- Attorneys Eyes Only Document, or any information contained therein, be disclosed in any other lawsuit (except pursuant to Paragraph 25, which sets forth a procedure regarding the production of documents pursuant to a lawful subpoena).

8. All copies of any Confidential Document and/or Confidential -- Attorneys Eyes Only Document shall be subject to the terms of this Order.

9. Before being given access to any of the Confidential Documents, Confidential -- Attorneys Eyes Only Documents, or any information contained therein, each person described in any of the paragraphs 2(a) through 2(c) and 3(a) through 3(c)

above, shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit A attached hereto, thereby agreeing to be bound by the terms of this Order and to submit to the jurisdiction of this Court as to matters concerning compliance with this Order. Counsel for the receiving party shall maintain all copies of the referenced Exhibit A signed in accordance with this paragraph until further order of this Court and shall, within a reasonable time after receipt of any signed Exhibit A, provide a copy thereof to counsel for the producing party, except for an Exhibit A signed by a consulting, undesignated expert of a party.

10. The information to be considered as "Confidential Information" or "Confidential -- Attorneys' Eyes Only Information" and disclosed only in accordance with the terms of this Order shall include, without limitation, all trade secrets and other confidential research, development and commercial information or information related to private matters of individuals supplied by the producing party in response to the demands or requests of plaintiffs and/or defendants. Notwithstanding the foregoing, "Confidential Information" and "Confidential -- Attorneys' Eyes Only Information" shall not mean information or documents produced or disclosed that are or become, without violating this Order, and apart from production or disclosure in connection with litigation, a matter of public record or publicly available by law or otherwise.

11. Counsel for the producing party may designate documents as "Confidential" or "Confidential -- Attorneys' Eyes Only" by affixing thereon an appropriate stamp marked "Confidential" or "Confidential -- Attorneys' Eyes Only," which stamp shall also indicate the party making that designation. This designation shall be made prior to making copies of documents available to counsel. The designation shall be made on the document copies selected for production by producing counsel as they are finally delivered or made available to the opposing party or parties.

12.     "Confidential Documents" and/or "Confidential -- Attorneys Eyes Only Documents" produced by a party in this action in response to discovery requests may be produced for counsel's inspection at the offices of counsel for that producing party.  Alternatively, the producing party may at its own election and at the expense of the requesting party, copy documents selected by the requesting party and ship the copies or documents provided electronically on CD or DVD to the site designated by the requesting party's counsel.  Prior to or simultaneous with the shipping of the copies to the requesting party, the producing party will designate in writing which, if any, of the documents selected by that party the producing party believes should continue to be "Confidential Documents" or "Confidential -- Attorneys Eyes Only Documents," along with the documents not selected for copying.

13.     Before documents are made available by the producing party at its principal place of business pursuant to paragraph 9, counsel for the inspecting party agrees to advise the producing party in writing of the name and relationship to this lawsuit of any person intended by that party, or by that party's counsel, to assist with the inspection of the producing party's documents at its principal place of business, including requesting counsel, requesting counsel's employees, and all identified experts immediately prior to this inspection.

14.     The parties acknowledge that Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents might be used or disclosed during depositions.  Whenever Confidential Documents and/or Confidential - Attorneys Eyes Only Documents are to be disclosed or discussed at a deposition, the party that intends to use such document shall give five (5) business days written notice to the producing party.  To protect the confidentiality of this information, prior to the commencement of any such deposition, all persons present at the deposition who have not previously agreed to the terms of this Order shall be asked to review and agree to the Order and sign a copy of Exhibit A before the deposition begins.  Any person who has not signed Exhibit A prior to the commencement of the deposition shall not be permitted to attend or participate in

any portion of the deposition in which any Confidential Document, Confidential -- Attorneys Eyes Only Document, or any information therein is to be disclosed or discussed. In the event that any person, including an attorney representing a party, objects to being excluded from the deposition pursuant to this paragraph, or objects to any other person being excluded from the deposition pursuant to this paragraph, the deposition shall be continued until such time as the Court issues an order resolving the dispute. The producing party's counsel shall maintain all copies of the referenced Exhibit A signed in accordance with this paragraph until further order of this Court and shall make copies thereof available to any other counsel in this case upon reasonable written request.

15. For any deposition in which any Confidential Document, Confidential -- Attorneys Eyes Only Document, or any information contained therein is disclosed, the court reporter shall prominently mark the cover page of the transcript of such deposition as "Confidential - Subject to Protective Order."  Videotapes of any such deposition shall also be prominently marked by the videographer as "Confidential-Subject to Protective Order."  The provisions of this Protective Order shall thereafter apply to all pages of a deposition transcript so marked. Any person in possession, custody or control of such a deposition transcript shall attach a copy of the written notification to the face of that transcript.

16. Any Confidential Document and/or Confidential -- Attorneys Eyes Only Document used as an exhibit or otherwise disclosed in any deposition in this case shall be bound in a separate volume of confidential exhibits to the transcript.

17. Any party may designate as "Confidential Documents" or "Confidential -- Attorneys Eyes Only Documents" portions of transcripts of depositions, or exhibits thereto, containing information deemed confidential, by making such designation at the deposition of a deponent or upon examination of a transcript of such deposition. Counsel will provide for the separate binding of the designated portions "Confidential" or "Confidential -- Attorneys' Eyes Only."  Counsel may designate

non-documentary material as "Confidential" or "Confidential -- Attorneys' Eyes Only" by informing all counsel of that designation at the time of disclosure of such information.

18. This Order shall not apply to the disclosure of Confidential Documents, Confidential -- Attorneys Eyes Only Documents, or the information contained therein at the time of trial, through the receipt of Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties.

19. If a party intends to disclose any Confidential Document, Confidential -- Attorneys Eyes Only Document, or any information contained therein during the trial of this case, that party shall give written notice to counsel for the producing Party of such intent and shall identify such Confidential Documents, Confidential -- Attorneys Eyes Only Document, or information to be so disclosed at least forty-five (45) days before the date this case is set for trial, so that the producing party might take any steps it deems necessary to protect the confidential nature of any Confidential Document, Confidential -- Attorneys Eyes Only Document, or any information contained therein that may be disclosed at trial.

20. The parties shall work together to establish procedures to assure continued confidentiality of any Confidential Document, Confidential -- Attorneys Eyes Only Document, or any information contained therein to be offered at the trial of this case.

21. All "Confidential Documents" and/or "Confidential -- Attorneys Eyes Only Documents" produced or disclosed in this action shall be used solely for the purposes of preparation for and the trial of this action. Under no circumstances shall information or materials covered by this Order be disclosed to anyone other than those persons set forth in paragraphs 5 and 6 above. All Confidential Documents and Confidential -- Attorneys Eyes Only Documents shall be maintained under the

1  control of and accounted for by the attorney, party or other entity or person receiving
2  them.  Upon final termination of this case (including all appeals), any attorney, party
3  or other entity or person receiving any Confidential Document and/or Confidential --
4  Attorneys Eyes Only Document, unless otherwise agreed to in writing by the
5  producing party or ordered by the Court, shall promptly (1) return to counsel for the
6  producing party as identified below, or provide certification of destruction of all
7  Confidential Documents, Confidential -- Attorneys Eyes Only Documents, and all
8  documents incorporating information from the Confidential Documents and/or
9  Confidential -- Attorneys Eyes Only Documents, and all copies made thereof,
10 including all documents or copies of documents provided by the party to any other
11 person, other than attorney work product; (2) return or provide certification of
12 destruction of all DVDs, CDs or other media containing or incorporating
13 Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents; (3)
14 return or provide certification of destruction of all Confidential Documents,
15 Confidential -- Attorneys Eyes Only Documents, and all documents incorporating
16 information from Confidential Documents and/or Confidential -- Attorneys Eyes
17 Only Documents, and all copies made thereof, including all documents or copies of
18 documents provided by the party to any other person, other than attorney work
19 product that has been stored on any portable media (DVD, CD, USB flash drive,
20 etc.); (4) provide certification of deletion of Confidential Documents, Confidential --
21 Attorneys Eyes Only Documents, and all documents containing information from
22 Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents, and
23 all copies made thereof, including all documents or copies of documents provided by
24 the party to any other person from all systems, applications, hard drives, servers,
25 web-based or other storage repositories of any type; and (5) provide assurance that
26 no steps will be taken at any time in the future to restore deleted Confidential
27 Documents and/or Confidential -- Attorneys Eyes Only Documents and all
28 documents containing information from Confidential Documents and/or Confidential

Case 8:08-cv-00673-DOC-RNB   Document 114   Filed 12/31/08   Page 10 of 15   Page ID #:958

control of and accounted for by the attorney, party or other entity or person receiving them.  Upon final termination of this case (including all appeals), any attorney, party or other entity or person receiving any Confidential Document and/or Confidential -- Attorneys Eyes Only Document, unless otherwise agreed to in writing by the producing party or ordered by the Court, shall promptly (1) return to counsel for the producing party as identified below, or provide certification of destruction of all Confidential Documents, Confidential -- Attorneys Eyes Only Documents, and all documents incorporating information from the Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product; (2) return or provide certification of destruction of all DVDs, CDs or other media containing or incorporating Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents; (3) return or provide certification of destruction of all Confidential Documents, Confidential -- Attorneys Eyes Only Documents, and all documents incorporating information from Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product that has been stored on any portable media (DVD, CD, USB flash drive, etc.); (4) provide certification of deletion of Confidential Documents, Confidential -- Attorneys Eyes Only Documents, and all documents containing information from Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person from all systems, applications, hard drives, servers, web-based or other storage repositories of any type; and (5) provide assurance that no steps will be taken at any time in the future to restore deleted Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents and all documents containing information from Confidential Documents and/or Confidential

-10-
PROTECTIVE ORDER

-- Attorneys Eyes Only Documents, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party. The deletion required under subpart (4) of this paragraph shall not require deletion from backup tapes. Independent experts and consultants retained by a party for the preparation or trial of this case that have received Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents shall return or certification of destruction of all Confidential Documents, Confidential -- Attorneys Eyes Only Documents, and all documents incorporating information from Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product provide to their retaining counsel. Upon receipt of return or certification of destruction of Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents from such retained experts or consultants, retaining counsel shall then provide written notice to counsel for the producing party of return or certification of destruction of documents.

22. At any time after the delivery of materials designated "Confidential Documents" or "Confidential -- Attorneys Eyes Only Documents," counsel for the receiving party may challenge the confidential designation of any such material (or portion of such material) within thirty (30) days of receiving any such documents by providing to counsel for the producing party a written notice of such challenge identifying each document, transcript, or item of information challenged. Any challenge will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The notice shall identify the disputed information and shall state the reason such information should not be accorded confidential treatment and the facts underlying such reasoning. The confidential status of the challenged material shall be maintained until final ruling by the Court on any motion, as well as the final resolution of any appeal from any such rulings.

23. Violation by any person of any term of this Order or of the Nondisclosure Agreement shall be punishable as a contempt of court if they knew or should have known of the violation. Any company or corporation that is affiliated with the producing party and produced confidential documents or information responsive to a discovery request in this action shall be a third-party beneficiary of the Nondisclosure Agreement and may pursue all civil remedies available to such parties for breach thereof. Nothing in this Order shall be deemed to require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

24. This Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence. Moreover, nothing herein and no action taken hereunder shall constitute a waiver or admission that any specific document, material, testimony or thing: (1) is or is not a trade secret or confidential proprietary information; (2) constitutes or does not constitute confidential medical or financial records; or (3) is or is not admissible in evidence at trial or at any hearing.

25. In the event that any recipient of Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents (a) is served with a subpoena or other legal process in another action, or (b) is served with a request or a demand in another action to which he or she is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this case concerning documents subject to this Order, that person (the recipient of "Confidential Documents") shall give prompt written notice of such event to the producing party, and shall object on this basis of this Order to producing or responding to any such request, demand or subpoena. Within fifteen (15) days from the giving of such

written notice, the producing party shall advise the person who is to respond to the subpoena, request, or demand of its position concerning the production of documents subject to this Order. Thereafter, the producing party shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary, to enforce the terms of this Order. Nothing in this Order shall be construed as authorizing a recipient of Confidential Documents and/or Confidential -- Attorneys Eyes Only Documents to disobey a lawful subpoena issued in another action.

26. In the event that a party inadvertently produces or discloses any document or information in this case without intending to waive a claim that it is confidential or privileged, such production or disclosure shall not be a waiver, in whole or in part, of a claim of confidentiality or privilege as to any such document or information. Within ten (10) days after the producing party actually discovers that such production or disclosure was made, it shall provide written notice to all parties, entities or persons to whom such production or disclosure was made. All such receiving parties, entities and persons shall not review, copy or otherwise disseminate or disclose any of the specified documents or information following receipt of the notice, and shall return the specified documents and information and all copies thereof within ten (10) days of receipt of the notice. If appropriate, the producing party promptly will produce properly designated (and, if necessary, redacted) new versions of the documents.

27. Any agreement made as to the entry of this Order and any compliance therewith shall not be deemed to be a waiver of any right to urge either less protection or more protection as to any Confidential Document or information contained therein, including, but not limited to, the right to challenge that such document or information is not entitled to any protection or should not be disclosed under any circumstances. In the event of any dispute as to the propriety or correctness of the designation as a Confidential Document or as a Confidential -- Attorneys Eyes Only Document, the parties shall attempt to resolve the dispute by negotiation. If negotiations fail to resolve the dispute,

-13-

the party wishing to challenge the designation may file a motion for an appropriate order. Any motion brought pursuant to this paragraph will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

28. The terms of this Order shall not terminate at the conclusion of this litigation, but shall remain in full force and effect. The Court will retain jurisdiction to enforce this order even after the other matters in this case have been dismissed.

29. Any notice required or permitted by this Order shall be given to the signatories for each party, as appropriate.

APPROVED AND SO ORDERED.

Dated: December 31, 2008

U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT OF RECEIPT**

**AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ hereby certify that I have read the Protective Order entered by the Court in the above-captioned action and agree to be bound by all of its terms as they apply to me.

I further certify I will fully comply with the Order and all of its terms and restrictions as such shall apply to me. I agree that I shall (i) not disclose Confidential Documents or any information contained therein to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order, (ii) not use the Confidential Documents or any information contained therein for any purpose other than this litigation, and (iii) maintain the appropriate security as to Confidential Documents or any information contained therein made available to me and restrict access thereto. I further agree that, upon termination of this action, or sooner if so requested, I shall return to counsel for the producing party, all Confidential Documents provided to me, including all paper and electronic copies and excerpts thereof.

I understand that violation of these conditions of the Order may be punishable by contempt of Court and I waive any objection to the Court's jurisdiction in any action to enforce the obligations imposed on me by the Order.

Dated: _____          _____